UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA C. ANAGONYE-BENTLEY,<br><br>    Plaintiff,<br><br>v.<br><br>VILLAGE CAPITAL & INVESTMENT, LLC,<br><br>    Defendant. | Case No. 20-10713<br><br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO
WITHDRAW COUNSEL [29]**

In January 2022, the Court entered judgment against Christina Anagonye-Bentley after she sued her mortgage company alleging a number of state and federal claims related to the pending foreclosure of her home. (ECF Nos. 27, 28); *see also Anagonye[-B]entley v. Vill. Cap. & Inv., LLC*, No. 20-10713, 2022 WL 193015 (E.D. Mich. Jan. 19, 2022). Two days later, Anagonye-Bentley filed a *pro se* motion for reconsideration and to withdraw counsel. (ECF No. 29.) She argues that her lawyer was not competent, that he violated the Michigan Rules of Professional Conduct, and that his performance was "ineffective" and "fell below an 'objective standard of reasonableness.'" (ECF No. 29, PageID.483 (citing *Strickland v. Washington*, 466 U.S. 668 (1984).)

For the reasons that follow, the Court will deny Anagonye-Bentley's motion on the merits. And because this case will remain closed, the Court will also deny Anagonye-Bentley's motion to withdraw counsel as moot.

## I. Standard of Review

The Court must first determine the proper standard of review. Because the Court already entered a judgment in this case, the Court will construe Anagonye-Bentley's motion for reconsideration as a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *See* Local Rule 7.1(h)(1) ("Motions for Rehearing or Reconsideration[:] . . . Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).").[1]

Federal Rule of Civil Procedure 60 provides several grounds for relief from a judgment. But the only relevant ground for relief here is subsection 60(b)(1), which provides that "the court may relieve a party or its legal representative from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). (The Rule also contains a catchall provision in 60(b)(6) for "any other reason that justifies relief." However, that catchall applies "only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable." *McCurry*

---

[1] The Court will not construe Anagonye-Bentley's motion as a motion to amend the judgment under Rule 59(e) because she argues only that she had deficient counsel in the prior proceedings. A Rule 59(e) motion "must present newly discovered evidence or clearly establish a manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)). But Anagonye-Bentley mentions neither of those bases for relief in her motion. (*See* ECF No. 29.)

*ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002). Because 60(b)(1) is applicable here, the Court will not consider 60(b)(6).)

And because Rule 60(b) is limited by "public policy favoring finality of judgments and termination of litigation," Anagonye-Bentley must prove her case by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## II. Discussion

Anagonye-Bentley makes only one argument in her motion: that she is dissatisfied with her counsel because, she says, he was not competent, he failed to present evidence to the Court, he failed to sufficiently communicate with her and with opposing counsel, he failed to expedite the litigation, and he failed to effectively withdraw after the attorney-client relationship crumbled. (ECF No. 29, PageID.483–487.)

While the Court is sympathetic to Anagonye-Bentley's feelings of dissatisfaction, attorney errors like these are not a basis for relief from judgment under Rule 60(b)(1). Instead, 60(b)(1) instructs that Anagonye-Bentley is responsible for the actions of the attorney she hired. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993). Indeed, "case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]." *McCurry*, 298 F.3d at 595 (collecting cases). As the Supreme Court explained, "a client, having chosen a

3

particular attorney to represent him in a proceeding, cannot avoid the consequences of the acts or omissions of this freely selected agent and that any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Pioneer*, 507 U.S. at 396 (internal quotations omitted).

And Anagonye-Bentley's citations to *Strickland v. Washington* and the Michigan Rules of Professional Conduct do not change the situation. (ECF No. 29, PageID.483 (citing 466 U.S. 668 (1984)).) First, the right to effective assistance of counsel in *Strickland* flows from the Sixth Amendment and applies only in criminal cases. *See* 466 U.S. 684–87; *see also* U.S. Const. amend. VI ("In all *criminal prosecutions*, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." (emphasis added)). Accordingly, there is "no constitutional right to counsel in civil cases." *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001). And where a party "has no right to counsel, [s]he cannot be deprived of the effective assistance of counsel." *Washpun v. United States*, 109 F. App'x 733, 735 (6th Cir. 2004) (collecting cases). In other words, "litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel . . . . Instead, the appropriate remedy is a malpractice action against the attorney." *Keenan v. Parker*, 23 F. App'x 386, 387 (6th Cir. 2001) (internal citation omitted).

And the Michigan Rules of Professional Conduct do not help Anagonye-Bentley either. The Rules expressly state that "a violation of a rule does not give rise to a

4

cause of action, nor does it create any presumption that a legal duty has been breached . . . The[ rules] are not designed to be a basis for civil liability." Mich. R. Prof'l Conduct 1.0. So while Anagonye-Bentley may have other options to pursue based on alleged breaches of the ethical rules, such breaches are not relevant to the merits of this case.

In sum, and perhaps unfortunately for Anagonye-Bentley, "clients must be held accountable for the acts and omissions of their attorneys." *McCurry*, 298 F.3d at 595. But Anagonye-Bentley's counsel represented her for nearly two years. If she had issues with the representation, she could have brought them to the attention of the Court and sought new counsel. The time to do that is not after the case has been dismissed on summary judgment.

### III. Conclusion

Because Anagonye-Bentley has not proven that she is entitled to relief from judgment for her attorney's alleged errors by clear and convincing evidence, the Court DENIES her motion. (ECF No. 29.) And because this case will remain closed, the Court also DENIES AS MOOT her motion to withdraw counsel. (*Id.*)

SO ORDERED.

Dated: March 30, 2022

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE